IN RE Petition for DISCIPLINARY AC-
TION AGAINST Jon Elton STANEK,
a Minnesota Attorney, Registration
No. 388792.

No. A12–0525.

Supreme Court of Minnesota.

Feb. 12, 2013.

### ORDER

By order filed on November 26, 2012, we suspended respondent Jon Elton Stanek from the practice of law for a minimum of 30 days, effective 14 days from the date of the filing of the order. Respondent has filed an affidavit seeking reinstatement in which he stated that he has fully complied with the terms of the suspension order, except for successful completion of the professional responsibility portion of the state bar examination. The Director of the Office of Lawyers Professional Responsibility does not oppose the request.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1. Respondent is conditionally reinstated to the practice of law in the State of Minnesota, subject to his successful completion of the professional responsibility portion of the state bar examination, and is placed on disciplinary probation for two years subject to the following terms and conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with his probation and promptly respond to the Director's correspondence by the due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation;

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct;

(c) Respondent shall maintain total abstinence from alcohol and other mood-altering chemicals, except that respondent may use prescription drugs in accordance with the directions of a prescribing physician who is fully advised of respondent's chemical dependency before issuing the prescription;

(d) Respondent shall complete any aftercare treatment that may be recommended or prescribed by the intensive outpatient program he is currently participating in;

(e) Respondent shall attend at least three weekly meetings each week of Alcoholics Anonymous, Narcotics Anonymous or another support program acceptable to the Director. Respondent shall, by the tenth day of each month, without a specific reminder request, submit to the Director an attendance verification on a form provided by the Director, which provides the name, address and telephone number of the person personally verifying the attendance. Such attendance verification shall also, upon request, be provided to the respondent's supervisor, if any;

(f) Respondent shall, at his own expense, no more than four times per month, submit to random urinalysis for drug screening at a facility approved by the Director and shall direct the drug screening facility to provide the results of all urinalysis testing to the Director's Office. If, after one year, all such tests

have been negative, then the frequency of the random tests may be reduced. Respondent shall cooperate with the phone-in program established by the Director for the random test. Any failure to phone in in accordance with the random test program shall be considered the same as receipt of a positive test result. Any positive test result will be grounds for revoking this probation;

(g) Respondent shall be supervised by a licensed Minnesota attorney appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor within two weeks from the date of the court's order. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor; and

(h) Respondent shall cooperate fully with the supervisor in his or her efforts to monitor compliance with his probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall fully disclose to the supervisor in writing whether he has remained abstinent from alcohol and other mind-altering drugs and shall inform the supervisor in writing of all treatment efforts he has participated in and all recommendations made by treatment providers. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

2. By November 26, 2013, respondent shall comply with Rule 18(e)(3), Rules on Lawyers Professional Responsibility (RLPR), by filing with the Clerk of Appellate Courts and serving upon the Director proof of respondent's successful completion of the professional responsibility portion of the state bar examination. Failure to do so shall result in automatic re-suspension pending proof of successful completion of the examination, pursuant to Rule 18(e)(3), RLPR.

BY THE COURT:

/s/_____
Alan C. Page
Associate Justice